UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEM MOLCHANOV, *individually and on behalf of all others similarly situated,*<br><br>          Plaintiff,<br>   -v-<br><br>VARONIS SYSTEMS, INC., YAKOV FAITELSON, *and* GUY MELAMED,<br><br>          Defendants. | 26 Civ. 117 (PAE)<br><br>OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

In this putative securities class action, plaintiffs Clal Pension and Provident Ltd., Clal Insurance Company Ltd., and Atudot Pension Fund for Employees & Independent Workers Ltd. (collectively, "Clal") move to be appointed lead plaintiff and to have their attorney, Pomerantz LLP ("Pomerantz"), appointed lead counsel. No party opposes appointment of Clal as lead plaintiff or Pomerantz as lead counsel.

For the following reasons, the Court appoints (1) Clal as lead plaintiff and (2) Pomerantz as lead counsel.

## I.   Background

On January 7, 2026, plaintiff Artem Molchanov filed this lawsuit against defendant Varonis Systems, Inc. ("Varonis"), its chief executive officer and co-founder Yakov Faitelson, and its chief financial officer Guy Melamed (collectively "defendants"). Dkt. 1 ("Compl."). The putative class consisted of all investors who purchased or otherwise acquired Varonis' common stock between February 4 and October 28, 2025, inclusive (the "class period"). *Id.* ¶ 1.

Varonis, based in New York, New York during the class period, is a global security company that provides software products and services to detect threats to critical data using

artificial intelligence ("AI")-driven techniques. *Id.* ¶¶ 12, 19. Varonis offered "on-premises" and software-as-a-service ("SaaS") products. Molchanov alleges that, during the class period, Varonis misled investors about its expected annual recurring revenue ("ARR") for the fiscal year 2025. *See id.* ¶¶ 21–25. In particular, Varonis allegedly concealed material adverse facts about its ability to convert its existing "on-premise" customer base to its SaaS alternative offering. *Id.* ¶¶ 26–40. As a result, Molchanov alleges, Varonis gave investors an overly optimistic outlook for its financial results. *Id.* ¶ 35.

Salient here, Molchanov contends that in Varonis's earnings calls of February 4, May 6, and July 29, 2025 it "continually praised" the benefits of its SaaS offering, touted its ability to convert existing on-premises users to the SaaS offering, and emphasized the key third quarter potential for the conversion of federal on-premise customers. *Id.* ¶ 42. On February 4, 2025, for example, Faitelson stated that, "[a]lthough we have started to realize some of the benefits of SaaS, there are so many more to realize," and that, once that transition was complete, "we expect to see better retention rates" from customers. *Id.* ¶ 22. On May 6, 2025, Faitelson again emphasized the financial potential from Varonis's SaaS conversion: "We see massive opportunity to increase the ARR from our existing customer base . . . . [W]e are also seeing strong demand from existing customers looking to convert to our SaaS platform and expand their protection to cover new critical cloud data stores." *Id.* ¶ 27. And on July 29, 2025, Faitelson stated that "transitioning our customers to our SaaS delivery model is helping us unlock this market's potential." *Id.* ¶ 32. Defendants also allegedly minimized the risks associated with consumer budgetary constraints, salesforce execution, and the impact of the macroeconomic environment on its federal and non-federal on-premises clientele. *Id.* ¶ 42.

On October 28, 2025, Varonis released its third quarter results. These substantially reduced its ARR projections for 2025, principally attributing that turn of events to the "underperformance of our on-prem[ise] subscription business." *Id.* at 16. Varonis also announced it intended to cease its self-hosted offering and enact a 5% headcount reduction. *Id.* at 17.

In response to this announcement, the price of Varonis' common stock fell. *Id.* ¶ 42. It dropped from $63.00 per share on October 28, 2025 to $32.43 per share on October 29, 2025. *Id.* ¶ 43.

On January 7, 2025, the day the Complaint was filed, notice of the lawsuit was published by Levi & Korsinsky, LLP, a class action law firm. Dkt. 11-1. As required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), the notice summarized the bases for the action and notified members of the putative class that they had 60 days to move for appointment as lead plaintiff. *Id.*

On March 9, 2026, Clal filed a motion for appointment as lead plaintiff and approval of its chosen counsel, Pomerantz. Dkts. 12–15. Clal is the only party that presently seeks appointment as lead plaintiff.[1]

## II.    Appointment of Lead Plaintiff

The PSLRA governs motions for appointment of lead plaintiff and approval of lead counsel in putative class actions brought under federal securities laws. It directs the Court to

---

[1] On March 9, 2026, two other parties—Artem Molchanov and Kelly Pinzone—each moved for appointment as lead plaintiff and approval of his or her chosen counsel. Dkts. 7–9 (Molchanov), 10–11 (Pinzone). On March 19, 2026, Molchanov filed a notice of non-opposition to Clal's motion for appointment. Dkt. 23. On March 24, 2026, Pinzone withdrew her motion. Dkt. 24.

appoint as lead plaintiff the party or parties "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the person who: (1) has either "filed the complaint or made a motion in response to a notice," *id.* § 78u-4(a)(3)(B)(iii)(I)(aa); (2) has the "largest financial interest in the relief sought by the class," *id.* § 78u-4(a)(3)(B)(iii)(I)(bb); and (3) "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," *id.* § 78u-4(a)(3)(B)(iii)(I)(cc). "[T]his presumption may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

As noted, Clal timely moved for appointment in response to a notice, satisfying the first prong. Dkts. 12–15. The Court therefore turns to the other PSLRA standards.

### A.    Financial Interest

Clal certifies that, during the class period, it purchased or otherwise acquired a total of 950,000 Varonis shares and incurred losses of approximately $21,952,571. Dkt. 14 at 10. Clal's financial stake far exceeds that of any remaining prospective lead plaintiff.[2]

Because no prospective lead plaintiff with a larger financial stake has come forward, and the Court does not have access to non-parties' financial records, the Court assumes that Clal's financial interest makes it a suitable lead plaintiff. *See, e.g., Bristol Cty. Ret. Sys. v.*

---

[2] Molchanov stated that he had purchased a total of 8.04 Varonis shares and incurred a loss of approximately $230.49. Dkt. 9-2 at 2. Pinzone stated that she had purchased a total of 10.16 Varonis shares and incurred a loss of approximately $226.34. Dkt. 11-3 at 2.

*Telefonaktiebolaget LM Ericsson*, No. 18 Civ. 3021, 2018 WL 3546182, at *1 (S.D.N.Y. July 24, 2018); *Plumbers, Pipefitters & MES Loc. Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097, 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011); *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.*, No. 7 Civ. 3923, 2007 WL 2363610, at *3 (S.D.N.Y. Aug. 16, 2007) ("*Jolly Roger*").

**B.      Rule 23 Requirements**

Rule 23's requirements for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy. *See Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d Cir. 2015).

At this early stage of litigation, however, "only the last two factors—typicality and adequacy—are pertinent." *Lopez v. CTPartners Exec. Search Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (quoting *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004)). A lead plaintiff's claims are typical where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) ("*Drexel*"). A lead plaintiff is adequate where it "does not have interests that are antagonistic to the class that [it] seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that [it] seeks to represent." *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (citing *Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)). To obtain appointment as lead plaintiff, "[t]he moving plaintiff must make only a preliminary showing that

the adequacy and typicality requirements under Rule 23 have been met." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

Clal's claims "are typical of the class because [its] claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998) (citing *Drexel*, 960 F.2d at 291). As alleged, every member of the putative class "(1) purchased or acquired [Varonis] securities during the class period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market." *Jolly Roger*, 2007 WL 2363610, at *4. Accordingly, Clal's claims, and those of the putative class members, arise from the same course of conduct.

On the facts presently known, Clal is also an adequate class representative. Clal has certified that it is willing to fulfill the duties of lead plaintiff, Dkt. 15, Ex. C, and it has retained counsel with significant experience in securities class action cases, *id.*, Ex. D. And there is, as yet, no indication that Clal has interests antagonistic to those of the class. *See Plumbers, Pipefitters & MES*, 2011 WL 4831209, at *2; *Jolly Roger*, 2007 WL 2363610, at *5. Because Clal has thus far satisfied all PSLRA requirements, the Court finds it the most adequate plaintiff. There is no credible basis to conclude that it "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render it incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court therefore appoints Clal as lead plaintiff.

## III.    Appointment of Class Counsel

The most adequate plaintiff may retain counsel to represent the class, subject to the Court's approval. *Id.* § 78u-4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving

a properly-selected lead plaintiff's decisions as to counsel selection.'" *Sallustro v. CannaVest Corp.*, No. 14 Civ. 2900, 2015 WL 1262253, at *10 (S.D.N.Y. Mar. 19, 2015) (quoting *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 3 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)). Here, as noted, Clal has selected Pomerantz. Having reviewed that firm's submissions as to its pertinent background and experience, including its experience litigating securities class actions, *see* Dkt. 15, Ex. D, the Court finds it well qualified to serve as lead counsel.

Accordingly, the Court appoints Pomerantz lead counsel.

## CONCLUSION

For the foregoing reasons, the Court appoints (1) Clal as lead plaintiff and (2) Pomerantz as lead counsel. The above-captioned action shall proceed under the caption *In re Varonis Securities Litigation*, 26 Civ. 117 (PAE).

The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 18, 2026
      New York, New York